FERDINAND PENLEY vs. CHARLES F. BESSEY.

Androscoggin.   Opinion May 10, 1895.

*Sales.   Delivery.   Passing of title.*

In the sale of chattels, the property passes at once on the sale, if such is the intent, although the seller is afterwards to make delivery of the goods.

Such intent may be expressly declared, or may be inferred from the circumstances.   In the absence of an express agreement, the intent that title should pass at the time of the contract, although the seller is to subsequently deliver, is inferred where payment in full is made.

The plaintiff bought of the defendant a yoke of oxen, the price was agreed upon and fully paid in money; the plaintiff had no previous acquaintance with the defendant and had no knowledge as to his pecuniary responsibility. The oxen were left with the defendant to be driven by him, the next day but one thereafter, to a designated place and there to be delivered to the plaintiff. Before the time agreed upon for delivery, without any fault of the defendant, one of the oxen was cast in the stall and died.   There was no express agreement as to when the title should pass.   The plaintiff sued to recover back the purchase price and the jury found for him.   On a motion for a new trial, *it is considered by the court*, under the circumstances of the case, that the fact of the payment of the full purchase price should have very great and almost controlling influence in determining the intention of the parties, and that a new trial should be ordered.

ON MOTION.

This was an action of assumpsit to recover the purchase price of a pair of oxen sold by the defendant to the plaintiff, and which the plaintiff claimed were not delivered in accordance with the terms of the sale.   The verdict was for the plaintiff.

The case appears in the opinion.

*N. and J. A. Morrill*, for plaintiff.

Counsel argued that the sale being conditional, the title had not passed, and cited : *Stone* v. *Peacock*, 35 Maine, 388 ; *Ballantyne* v. *Appleton*, 82 Maine, 573 ; *Fuller* v. *Bean*, 34 N. H. 299, 301 ; Benj. Sales, Bennett's Ed. 4th Am. p. 312, and cases.   Question of intent for the jury.   *Riddle* v. *Varnum*, 20 Pick. 283 ; *George* v. *Stubbs*, 26 Maine, 250 ; *Marble* v. *Moore*, 102 Mass. 443 ; *Merchants' National Bank* v. *Bangs*, 102 Mass. 291 ; *Kelsea* v. *Haines*, 41 N. H. 253 ; *Fuller* v. *Bean*, 34 N.

H. 290; *Dyer* v. *Libby*, 61 Maine, 45; *Bank* v. *Bangs*, 102 Mass. 291, 296; *Wigton* v. *Bowley*, 130 Mass. 254; *Bethel Steam Mill Co.* v. *Brown*, 57 Maine, 9; *Lewiston* v. *Harrison*, 69 Maine, 504, 509; *Sidensparker* v. *Sidensparker*, 52 Maine, 481, 490; *Hewey* v. *Nourse*, 54 Maine, 256, 259; *Houdlette* v. *Tallman*, 14 Maine, 400, 403; *Weld* v. *Came*, 98 Mass. 152; *Foster* v. *Ropes*, 111 Mass. 10; *Knight* v. *Mann*, 118 Mass. 143.

*F. L. Noble and R. W. Crockett*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WISWELL, J. The plaintiff's agent, acting for his principal, bought of the defendant a pair of oxen. The oxen were examined by the agent at the defendant's farm, the price agreed upon and fully paid in money. They were left in the defendant's possession, the plaintiff claiming that, by the terms of the contract, they were to be driven by the defendant, on the next day but one after, to a designated place there to be delivered to the purchaser.

Before the time of such delivery, and without the fault of the defendant, one of the oxen was cast in a stall and died. This action was brought to recover back the purchase price, paid as above. The plaintiff's contention at the trial was that the contract of sale was made with the defendant's wife at the time the money was paid, that the agent first offered a smaller sum, then proposed to divide the difference, and finally accepted the offer made by the wife to sell for one hundred and twenty dollars, but upon the condition that the oxen were to be driven to another place and there delivered. We quote from the agent's testimony: "I stepped to the sleigh and then went back again and knocked at the door, and she came to the door, and I told her I would take them at one hundred and twenty dollars, if she would have them driven to Parkhurst Corner next Saturday noon. She said she would take that and stepped back into the house."

The defendant claimed that the terms of the contract of sale had been previously agreed upon between him and the plaintiff's

agent, that the wife only received the money in his absence, and neither had, nor attempted to exercise, the authority of incorporating into the contract any agreement to deliver the property sold at another place.

Whether, if the contract was begun and completed with the wife, she agreed that the oxen should be driven to another place and there delivered, as claimed by the plaintiff, or not, there is much doubt; but we should not feel authorized to set the verdict aside upon this question, as the evidence was so very conflicting that a jury would be authorized to find either way. But for another reason, we think that this motion should be granted.

Assuming, as the jury has found, that the plaintiff's version of the transaction is correct, we are forced to the conclusion that it must have been the intention of the parties, so far as they gave the matter any thought, that the property passed upon the payment of the full purchase price. We can conceive of no reason why this should not have been so. If the agent had simply wanted to bind the bargain he would have paid some small sum in earnest, or would have made a memorandum in writing. When he fully paid the agreed purchase price to a person with whom he had no previous acquaintance, or as to whose pecuniary responsibility he had no knowledge, he must have intended and supposed that the money then belonged to the vendor and that the oxen became the property of his principal. It would have been very different if the contract had provided for the payment upon the subsequent delivery of the oxen.

This is always a question of intention; it is undoubtedly true, as stated in Benjamin on Sales, Vol. 1, § 325, that: "The effect of an agreement in the contract of sale, that the seller shall deliver the property sold at some particular place, is sometimes to postpone the vesting of title in the buyer until such delivery is made," and that if payment is not to be made until such subsequent delivery, the title will not ordinarily pass until such delivery. But the property passes at once on the sale, if such is the intent, though the seller is afterwards to make a delivery of the goods. *Idem*, § 329. "Such intent may be expressly declared, or may be inferred from the circumstances. . . . In the

absence of an express agreement, the intent that title shall pass at once by the contract, although the seller is to deliver, is inferred where the buyer is to give notice of time or place of delivery, *where payment in full is made*, where the buyer employs the seller to remove the property, or where there is other evidence that the continued possession of the seller is merely for the convenience of the buyer, or that the removal of the goods is made by the seller as agent for the buyer." Benjamin on Sales, Vol. 1, § 330.

We think that the foregoing is a correct statement of the rule. In *Bethel Steam Mill Co.* v. *Brown*, 57 Maine, 2, the plaintiffs made a contract for the purchase of a large quantity of spruce logs, the logs were to be marked with the plaintiff's mark and were to be driven by the vendor many miles down the Androscoggin River and there delivered. It was held that a survey of the logs on the landing place and the putting thereon of the vendee's mark constituted a sufficient delivery even as against subsequent purchasers, although, by the terms of the contract of sale, the vendor was bound to deliver the logs at a specified place many miles below the landing. And in *Dyer* v. *Libby*, 61 Maine, 45, it was decided that if by the contract goods sold are to be hauled by the vendor to a place specified, it does not necessarily follow that the title thereto does not pass till they reach the place designated.

In our opinion, the fact of the full payment of the purchase price should have very great, and under the circumstances of this case, almost controlling influence in determining the question of intention.

It is true that this is a question of fact in any case and one for the jury to pass upon. As no exceptions are presented, it must be presumed that the instructions to the jury were sufficient and proper; but the circumstances point so strongly to an intention upon the part of the parties that the property should pass, we believe that the jury must have misunderstood the instructions or erred from some other cause.

*Motion granted.    Verdict set aside.*